[925 NYS2d 889]

In the Matter of RICHARD F. GLUSZAK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 28, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 28, 2010 (2010 NY Slip Op 86574[U]), the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he constituted an immediate threat to the public interest based upon his "obstruction of the legitimate function of the Grievance Committee in its investigation of four complaints filed against him by his deliberate failure to respond despite numerous letters and subpoenas served upon him." In that order, the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated July 22, 2010, the respondent was directed to submit an answer to the verified petition within 20 days after service upon him of a copy of the decision and order on motion; and the issues raised by the verified petition and any answer thereto were referred to the Honorable Geoffrey J. O'Connell, as Special Referee, to hear and report. The verified petition contains eight charges of professional misconduct against the respondent, including conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law as a result of his steadfast refusal to cooperate with the Grievance Committee in its investigation of four complaints of professional misconduct.

By order of this Court dated December 30, 2010, the Grievance Committee was authorized to serve the respondent with the decision and order on motion dated October 28, 2010, and any/all other papers and/or orders related to this proceeding, by mailing the documents to the respondent and affixing a copy of the documents to the respondent's door. On January 25, 2011, the respondent was duly served with a copy of the decision and order on motion dated October 28, 2010, via substituted service. The respondent has failed to submit an answer to the verified petition, as directed by the Court, or to request an extension of time to do so.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. No opposition or other response to the Grievance Committee's motion has been received from the respondent.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and,

effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and LOTT, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard F. Gluszak, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Richard F. Gluszak, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Richard F. Gluszak, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Richard F. Gluszak, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).